IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN R. MCCLELLAND and AMY MCCLELLAND,<br><br>        Plaintiffs,<br><br>  vs.<br><br>MERCK & CO.; JASON M. TONGSON; KAREN S. OCHIAI; LISA ARMENIO; EGAN INOUE; JOHN DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10.<br><br>        Defendants.<br>_____ | CV. NO. 06-00543 JMS-BMK<br><br>ORDER DENYING DEFENDANT MERCK'S MOTION TO STAY AND FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE GRANTED |

ORDER DENYING DEFENDANT MERCK'S MOTION TO STAY AND
FINDING AND RECOMMENDATION THAT PLAINTIFFS'
<u>MOTION TO REMAND BE GRANTED</u>

       Before the Court are two motions: Defendant Merck's motion to stay and Plaintiffs' motion to remand. The Court heard both motions on November 16, 2006. After careful consideration of the motions, memoranda supporting and opposing the motions, and arguments of counsel, the Court hereby DENIES

Defendant Merck's motion to stay and FINDS AND RECOMMENDS that Plaintiffs' motion to remand be GRANTED.

FACTUAL BACKGROUND

Plaintiff John R. McClelland is a Hawaii resident who suffered a heart attack on August 19, 2004, after regularly taking the prescription pain-relief drug Vioxx for three-and-a-half years. He and his wife, Plaintiff Amy McClelland, also a resident of Hawaii, claim that the heart attack and the resulting injuries they have suffered were caused by Vioxx. Plaintiffs have sued the manufacturer of Vioxx, Defendant Merck & Co. ("Merck"), as well as four sales representative employees of Merck, Defendants Jason M. Tongson, Karen S. Ochiai, Lisa Armenio, and Egan Inoue (the "Employee Defendants"). Merck is a New Jersey corporation, while the Employee Defendants are all residents of Hawaii.

Plaintiffs filed this action in the Circuit Court of the Third Circuit of the State of Hawaii on August 17, 2006. Defendant Merck timely filed a notice of removal in this Court on October 4, 2006. Merck contends that diversity jurisdiction exists because the Employee Defendants are fraudulently joined. Plaintiffs disagree, and filed this motion to remand on October 30, 2006. Meanwhile, Merck filed a motion to stay these proceedings pending a possible transfer order by the Judicial Panel on Multidistrict Litigation to the Eastern

District of Louisiana, where a number of other Vioxx products liability actions have been transferred.

## LEGAL STANDARD

Civil actions filed in state court may be removed to a federal district court that has original subject matter jurisdiction over the case or controversy. 28 U.S.C. § 1441(a) (2000). Federal district courts have original jurisdiction over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1) (2000). Complete diversity of citizenship requires that all properly joined defendants not be citizens of the same state as any of the plaintiffs. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

However, defendants' citizenship is ignored for the purposes of determining diversity jurisdiction where they have been "fraudulently joined" to the suit. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined where it is "obvious according to the well-settled rules of the state" that the plaintiff has failed to state a claim for relief against that defendant. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002). In assessing fraudulent joinder, all ambiguities in the controlling state law are resolved in favor of the non-removing party. Ballesteros

v. Am. Standard Ins. Co. of Wisconsin, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)).

Where a non-diverse defendant in a diversity case has not been fraudulently joined, there is no complete diversity of citizenship and the federal court must remand the case to state court. See 28 U.S.C. § 1447(c) (2000). There is a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, the defendant "always has the burden of establishing that removal is proper," id., and where fraudulent joinder is claimed in justifying removal, "there is an even greater burden" on the defendant, Ballesteros, 436 F.Supp.2d at 1072.

## DISCUSSION

### I.  MOTION TO STAY

A number of Vioxx products liability suits have been transferred to the Eastern District of Louisiana by the Judicial Panel on Multidistrict Litigation (JPML). Defendant Merck requests that this proceeding be stayed pending the possible transfer of this case. Merck argues that a stay is warranted on the grounds of judicial economy and consistency. Notwithstanding Merck's arguments, it is well settled that "[w]ithout jurisdiction the court cannot proceed at all in any cause." Ex parte McArdle, 74 U.S. 506, 514 (1868). Where jurisdiction is claimed

on the basis of fraudulent joinder, a case should not be stayed before the jurisdictional issues are resolved.  Martin v. Merck & Co., No. S-05-750, 2005 U.S. Dist. WL 1984483, at *2 (E.D. Cal. Aug. 15, 2005) (denying a motion to stay pending JPML transfer where fraudulent joinder was asserted as the basis of jurisdiction).  Defendant Merck's motion to stay is therefore denied.

## II.  MOTION TO REMAND

Plaintiffs have alleged ten claims against Defendants: (1) Negligence (2) Strict Liability: Failure to Warn, (3) Strict Liability: Design Defect, (4) Negligence: Failure to Warn, (5) Fraud: Misrepresentation and Suppression, (6) Breach of Warranty of Merchantability, (7) Breach of Express Warranty, (8) Deceptive Trade Practices, (9) Punitive Damages, and (10) Loss of Consortium.

For Merck to succeed in removing this action, it must be "obvious according to the well settled rules of the state," United Computer Sys., Inc., 298 F.3d at 761, that Plaintiffs have failed to state a claim for *any* of their ten claims.  This is a very high burden which Merck is ultimately unable to meet.

Merck's principal argument is that the Employee Defendants cannot be held individually liable for any of the alleged torts because they were acting as agents of Defendant Merck.  While there is little authority to support this position, there is case law supporting the narrower proposition that an agent will not be

liable for torts arising out of conduct that was (1) within the scope of the agency, and (2) ratified by the principal.  See Davis v. Wholesale Motors, Inc., 86 Hawaii 405, 426 (App. 1997) (a verdict against only the principal was proper where "the agents acted at the direction of the principal and the principal ratified their wrongful conduct"); Roehrig v. Tong, No. 05-00667, 2006 U.S. Dist. WL 897589, at *1 (D. Haw. April 3, 2006) (finding that an individual insurance agent could not be individually liable when the principal "has assumed or ratified responsibility for her acts, and she was at all times acting within the proper scope of her employment").

At the hearing, the Court invited Merck to file a supplemental declaration clarifying whether it fully ratified the actions of the Employee Defendants.  Merck filed a supplemental declaration by director James Dunn on November 22, 2006 (the "Dunn Declaration").  The Dunn Declaration ratifies all conduct of the Employee Defendants described in paragraphs 33 through 47 of the Plaintiffs' complaint, but explicitly states that Merck is "unable to determine if the representations alleged [to have been made by the Employee Defendants] in the fraud claim [in paragraphs 75 through 79 of the Complaint] were authorized." (Dunn Decl. ¶ 9.)

Merck's unwillingness to ratify the fraud claims in the Dunn Declaration mirror and repeat its earlier contentions that Plaintiffs have not stated a claim for fraud against the Employee Defendants because they have failed to plead fraud with sufficient particularity.[1]  Under Hawaii law, "a general assertion of 'fraud' or 'fraudulent conduct' serves no informative function, and therefore is insufficient to raise an issue as to fraud without supporting particulars."  Wolfer v. Mutual Life Ins. Co. of New York, 3 Haw. App. 65, 67 (1982); see also Hawaii Rule of Civil Procedure 9(b) (requiring that all allegations of fraud "be stated with particularity").

Here, however, it is not obvious that Plaintiffs have failed to plead fraud with sufficient particularity.  Plaintiffs do not merely make a general assertion of "fraud," but specifically allege (1) that the Employee Defendants "knew . . . that severe cardiovascular risks . . . were associated with Vioxx," (Complaint ¶ 78), (2) that the Employee Defendants intentionally "concealed material information" regarding these risks (Complaint ¶ 76), (3) with "the intent that patients rely on [these misrepresentations]" (Complaint ¶ 79), (4) and which

---

[1] The Dunn Declaration claims that "Plaintiffs have failed to plead [fraud] with particularity as required by Federal Rule of Civil Procedure 9(b)."  (Dunn Decl. ¶ 9.)  The proper inquiry, however, is not whether Plaintiffs have stated a claim against the Employee Defendants under federal law, but whether they have done so under Hawaii law.

were in fact relied upon by Plaintiff John McClelland's prescribing physician (Complaint ¶ 79). In addition, Plaintiffs have described specific training materials and marketing tactics that support their allegations of fraud. (Complaint ¶¶ 34-45). Given these particulars, it is not "obvious according to the well settled rules of the state," United Computer Sys., Inc., 298 F.3d at 761, that Plaintiffs have failed to state a claim for fraud upon which relief can be granted. Merck has failed to ratify the Employee Defendants' allegedly fraudulent conduct, and so the agency defense does not apply.[2] Therefore, the Employee Defendants are not fraudulently joined and the case must be remanded.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Merck's motion to stay and FINDS AND RECOMMENDS that Plaintiffs' motion to remand be GRANTED.

---

[2] Moreover, upon further review, the Court is concerned that while the result reached Roehrig was appropriate in that case, it might not be so appropriate in cases such as this, where the agents are claimed to have carried out an active and integral role in the allegedly tortious conduct. Indeed, there may well be adequate contrary authority to suggest that it is not well settled under Hawaii law that a principal's ratification of an agent's allegedly active participation in tortious conduct precludes the possibility of recovery from that agent. See, e.g. Kalawe v. KFC Nat'l Mgmt. Co., 90-00779, 1991 U.S. Dist. WL 338566, at *4 ("an employee remains liable for torts he commits against a third party, even if the employee is acting within the scope of his employment); Restatement (Third) of Agency, § 7.01 (2005). However, the Court need not reach this issue here because even if Roehrig does extend to these circumstances, Merck has failed to fully ratify the Employee Defendants' conduct and Plaintiffs have stated a viable claim for fraud.

IT IS SO ORDERED, FOUND, AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 6, 2006

McClelland v. Merck; ORDER DENYING DEFENDANT MERCK'S MOTION TO STAY AND FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE GRANTED; Cv. No. 06-00543 JMS-BMK.